**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**UI ACQUISITION HOLDING CO., INC.,**

        **Plaintiff,**

**v.**                                                **3:19-CV-00310 (NAM/ML)**

**ARCH INSURANCE CO., and HUB
INT'L INSURANCE SERVICES INC.,**

        **Defendants.**
_____

**Appearances:**

ANDERSON KILL LAW FIRM
Luma Salah Al-Shibib
Finley T. Harckham
1251 Avenue of the Americas, 42nd Floor
New York, New York 10020
*Attorneys for Plaintiff*

KAUFMAN DOLOWICH & VOLUCK LLP
Daniel Brody
David A. Group
Michael Lawrence Zigelman
40 Exchange Place, 20th Floor
New York, New York 10005
*Attorneys for Defendant Arch Insurance Co.*

KAUFMAN BORGEEST & RYAN LLP
Lee E. Berger
200 Summit Lake Drive
Valhalla, New York 10595
*Attorney for Defendant HUB Int'l Insurance Services Inc.*

**Hon. Norman A. Mordue, Senior United States District Court Judge**

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

      This matter is an insurance coverage and broker liability action brought by Plaintiff UI

Acquisition Holding Co., Inc., a manufacturer of special industry machinery operating in New

York State, against its directors and officers liability insurer, Arch Insurance Co. ("Arch"), and its long-time insurance broker and advisor, HUB International Insurance Services Inc. ("HUB"), to recover defense costs incurred by Plaintiff and its director, Lynn Tilton, in a Delaware Chancery Court action commenced against Plaintiff in November 2016. (*See* Dkt. No. 2). Now before the Court is Plaintiff's motion for remand to state court, (Dkt. Nos. 14, 30), and the Defendants' papers in opposition, (Dkt. Nos. 24, 25, 33). For the following reasons, Plaintiff's motion is granted.

## II. BACKGROUND

Plaintiff commenced this action in New York State Supreme Court, Broome County, on February 4, 2019. (Dkt. No. 2). Plaintiff asserts state law claims against Arch for breach of contract, declaratory judgment, and in the alternative, reformation of contract, in connection with Arch's alleged wrongful denial of coverage of Plaintiff's insurance claims tendered under Plaintiff's 2016–2017 directors and officers liability policy. (*See id.*, ¶¶ 74–116). Plaintiff also asserts state law claims against HUB, as alternative bases for recovery, for negligence and breach of contract in connection with HUB's procurement of Plaintiff's policy. (*Id.*, ¶¶ 117–141).

It is undisputed that service of process was effectuated on Arch on February 5, 2019, and on HUB on February 6, 2019. Due to various delays with its process server and registered agent, Arch claims that it did not receive actual notice of the action until March 6, 2019. (Dkt. No. 25-1, ¶ 2).

On March 7, 2019, HUB filed a timely Notice of Removal from New York State Supreme Court to this Court. (Dkt. No. 1). HUB asserts that removal is proper because there is complete diversity of citizenship among the parties, and the amount in controversy exceeds

$75,000. (*Id.*, ¶¶ 6–12). On March 21, 2019, Arch's counsel filed a Notice of Appearance along with a request for an extension to respond to the Complaint. (*See* Dkt. Nos. 8, 10).

On April 5, 2019, Plaintiff filed a motion to remand the case back to state court on the sole basis that HUB's removal attempt is "procedurally defective" because Arch "did not join in HUB's Notice of Removal or timely submit its own separate notice consenting to the removal." (Dkt. No. 14-1, p. 1).

On April 8, 2019, Arch filed its Answer (Dkt. No. 15), and entered a notice consenting to removal to this Court on April 9, 2019, (Dkt. No. 18).

### III. STANDARD FOR REMOVAL

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A defendant seeking removal of a civil action from state court must file "in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

The notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

3

When there are multiple defendants, each defendant has 30 days after its receipt of the initial pleading to file a notice of removal. 28 U.S.C. § 1446(b)(2)(B).

When an action is removed pursuant to 18 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This is what is commonly known as the "unanimity requirement." *See Tate v. Mercedes-Benz USA, Inc.*, 151 F. Supp. 2d 222, 223–24 (N.D.N.Y. 2001) (citations omitted). "While each defendant must consent to the removal petition, it is not required that all defendants sign the removal petition itself." *Id.* at 224. Indeed, "courts typically only require that each defendant timely submit some form of 'unambiguous written evidence of consent.'" *Id.* (citation omitted). "Without such consent, 'there would be nothing on the record to bind the allegedly consenting defendant . . . [or to] prevent[ ] one defendant from choosing a forum for all.'" *Glatzer v. Cardozo*, No. 15-CV-6229, 2007 WL 6925941, at *2, 2007 U.S. Dist. LEXIS 98383, at *7 (S.D.N.Y. Sept. 26, 2007) (citations omitted).

"If the plaintiff challenges the removal through a motion to remand, the party seeking to remove the case bears the burden of establishing that removal is proper." *Fernandez v. Hale Trailer Brake & Wheel*, 332 F. Supp. 2d 621, 623 (S.D.N.Y. 2004). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (citation omitted); *see also In re MTBE Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) ("[O]ut of respect for the limited jurisdiction of the federal courts and the rights of states, we must resolve any doubts against removability.").

## IV. DISCUSSION

Plaintiff argues that HUB's removal petition is "procedurally defective because Arch did not sign the petition or timely submit a separate joinder, thereby necessitating remand." (Dkt. No. 14-1, p. 3). Specifically, Plaintiff claims that the unanimity requirement was violated because "Arch did not join in HUB's petition by signing the Notice of Removal; nor did Arch submit a separate joinder within the 30-day period that expired on March 7, 2019." (*Id.*, p. 5). Plaintiff further asserts that Arch's untimely consent to removal and subsequent opposition to Plaintiff's motion to remand cannot cure the procedural defects resulting from Arch's failure to enter timely consent. (*See generally* Dkt. No. 30, pp. 7–11).

In response, HUB argues that removal was proper and unanimous based on Arch's filings after the petition, which "demonstrated its consent to litigating in federal court." (*See* Dkt. No. 24, pp. 5–7). As evidence of consent, HUB points to Arch's Answer (Dkt. No. 15), its Notice of Consent to Removal (Dkt. Nos. 18), and its opposition to Plaintiff's motion for remand (Dkt. No. 25). (*Id.*, p. 6).

Similarly, Arch claims that it "fulfilled the removal statues' consent requirement by filing multiple court documents demonstrating its consent to removal, culminating with Arch's formal Notice of Consent to removal filed on April 9, 2019." (Dkt. No. 25, pp. 8–9). Alternatively, Arch argues that even if it did not expressly consent to removal within 30 days, remand is not warranted because it: (1) "did not receive actual notice of the Summon[s] and Complaint until the day before HUB removed the case[, March 6, 2019]"; (2) "demonstrated its consent in court documents filed within 30 days of the time Arch received actual notice of this action," including a notice of appearance and a motion to extend the Answer deadline; and (3) "filed a Notice of Consent to Removal in an abundance of caution on April 9, 2019." (*Id.*, pp. 11–13). Further, Arch adds that "Plaintiff has not asserted (nor can it assert) that it was

5

prejudiced in any way by Arch's subsequent consent to removal, and such lack of prejudice means that remand would be inappropriate." (*Id.*, p. 13).

The record shows that Arch's designated agent for service received Plaintiff's Complaint on February 5, 2019, (*see* Dkt. No. 25-1, p. 5), and that Arch received actual notice of the Complaint on March 6, 2019, (*id.*, p. 2).[1] HUB was served on February 6, 2019 and timely filed a Notice of Removal on March 7, 2019. (*See* Dkt. No. 1). On March 8, 2019, Plaintiff's counsel consented to Arch's request for a 30-day extension to respond to the Complaint. (Dkt. No. 25-1, p. 152). On March 18, 2019, Plaintiff's counsel informed Arch about HUB's pending removal petition and reconfirmed the deadline to respond to the Complaint.[2] (*Id.*, p. 154). Arch did not file an appearance in this case until March 21, 2019— the same day it formally requested the agreed-upon extension until April 8, 2019. (*See* Dkt. Nos. 8, 10). Plaintiff filed its Motion to Remand on April 5, 2019, arguing that Defendants had not unanimously consented to removal within the statutory period. (Dkt. No. 14). Arch filed its Answer on April 8, 2019, as was agreed by the parties, and then entered a formal written consent to removal on April 9, 2019. (*See* Dkt. Nos. 15, 18).

---

[1] The weight of authority in the Second Circuit holds that the 30-day period for filing a notice of removal commences when the defendant actually receives the complaint. *See, e.g.*, *Weimer v. City of Johnstown*, 931 F. Supp. 985, 990 (N.D.N.Y. 1996) ("[T]he thirty-day limit for removal begins when a defendant receives the initial pleading described in section 1446(b), regardless of whether he was properly served."); *Medina v. Wal–Mart Stores, Inc.*, 945 F. Supp. 519, 520–21 (W.D.N.Y. 1996) (noting that "the heavy weight of authority is to the effect that the time for removal . . . runs from receipt of the pleading by the defendant rather than the statutory agent"); *Auguste v. Nationwide Mut. Ins. Co.*, 90 F. Supp. 2d 231, 232 (E.D.N.Y. 2000) ("[S]ervice of process upon a defendant's statutory agent is not sufficient to trigger the 30-day removal period."). Therefore, the Court rejects Plaintiff's theory that the 30-day period began to run on the date of service, February 5, 2019, and instead finds that Arch's time to petition for, join, or consent to removal began on March 6, 2019—the day it received actual notice of the Complaint. (*See* Dkt. No. 25-1, p. 2). That period expired on April 5, 2019.

[2] The Court notes that Plaintiff's counsel submitted an affidavit affirming that she first informed Arch's counsel of HUB's pending removal petition on March 7, 2019—the same day that HUB filed the petition. (*See* Dkt. No. 30-1, ¶ 2).

Courts in the Second Circuit "have consistently interpreted the [removal] statute 'as requiring that all defendants consent to removal within the statutory thirty-day period . . . .'" *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) (citation omitted). Defendants who do not join a notice of removal "must independently express their consent to removal," but the Circuit "ha[s] not yet advised what form a consent to removal must take." *Id.* Notably, district courts in this Circuit have rejected the argument that appearances and answers may constitute unambiguous written evidence of consent to removal. *See, e.g.*, *Edelman v. Page*, 535 F. Supp. 2d 290, 293 (D. Conn. 2008) (holding that the mere filing of appearances does not constitute unambiguous written evidence of consent where they contained no mention of removal); *Abdullah v. Erdner Bros, Inc.*, No. 14-CV-1742, 2015 WL 1190141, at *5, 2015 U.S. Dist. LEXIS 31720, at *10–11 (D. Conn. Mar. 16, 2015) (declining to accept the defendants' filing of appearances and answers as valid consent to removal); *Nat'l Waste Assocs., LLC v. TD Bank, N.A.*, No. 10-CV-289, 2010 U.S. Dist. LEXIS 46730 at *7, 2010 WL 1931031, at *3 (D. Conn. May 12, 2010) (finding that the defendant failed to timely consent to removal where the defendant's answer was filed after the 30-day removal period and "contained no language indicating consent to removal").

Here, Arch filed its Notice of Consent to Removal on April 9, 2019, more than 30 days after it received the Complaint on March 6, 2019. (Dkt. No. 18). Nonetheless, Arch argues that it earlier demonstrated its consent to removal by filing in this Court a Notice of Appearance (Dkt. No. 8) and Answer (Dkt. No. 15). (*See generally* Dkt. No. 25, pp. 7–11). However, none of these documents even mention removal, despite the fact that Arch was aware of HUB's pending removal petition as early as March 18, 2019. Although these documents could be viewed to imply consent, the removal statute requires a more clear and definitive action.

7

Simply put, Arch did not file any documents within the 30-day deadline that evidence unambiguous consent to removal. Therefore, the Court finds that Arch's consent to removal on April 9, 2019 was untimely under 28 U.S.C. § 1446(b). *See Tate*, 151 F. Supp. 2d at 223–26 (granting a plaintiff's motion for remand where a defendant neither petitioned for removal nor joined the other defendant's pending removal petition within the 30-day statutory window); *Snakepit Auto., Inc. v. Superperformance Int'l, LLC*, 489 F. Supp. 2d 196, 201–03 (E.D.N.Y 2007) (remanding to state court where all of the defendants did not timely consent to the petition for removal); *Edelman*, 535 F. Supp. 2d at 291–96 (same).

Before closing, the Court notes that the main cases cited by Defendants in favor of removal are readily distinguishable. In *Doe v. Zucker*, this Court found that unanimity was not violated where the defendant petitioning for removal had received consent from all other defendants *before* filing its petition for removal. *See* No. 17-CV-1005, 2018 WL 3520422, at *5–6, 2018 U.S. Dist. Lexis 121216, at *13–17 (N.D.N.Y. July 20, 2018). Unlike this case, the removing defendant's petition expressly stated that it had secured universal consent from all other defendants before the petition was filed. Further, the non-petitioning defendant filed an independent notice of consent to removal, thus buoying the petitioning defendant's previous representation to the Court that all defendants had timely joined in the removal petition. In contrast, HUB's petition for removal makes no reference to whether Arch consented to removal and Arch did not provide any unambiguous notice of consent until after the 30-day deadline had passed. Similarly, in *Crenshaw v. McNamara*, there was evidence that the removing defendant received verbal consent from the other defendants *before* it filed its removal petition. *See* No. 15-CV-6229, 2016 WL 228358, at *1–2, 2016 U.S. Dist. LEXIS 6067, at *2–4 (N.D.N.Y. Jan. 19, 2016). In contrast, there is no evidence that Arch

8

communicated timely consent to HUB, and Arch did not do so with the Court, as discussed above.

In sum, Arch did not express or enter any unambiguous statement of consent to removal within 30 days of receiving the Complaint.  As a result, Defendants have not met their burden to show timely and unanimous consent for removal.  Accordingly, this case must be remanded pursuant to 28 U.S.C. §§ 1446(b), 1447(c)–(d).[3]

## V. CONCLUSION

For these reasons, it is

**ORDERED** that Plaintiff's Motion for Remand (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED** that this matter is remanded to New York State Supreme Court, Broome County in accordance with this Order; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case and provide a copy of this Memorandum-Decision and Order to the parties in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

Date: January 9, 2020
Syracuse, New York

*Norman A. Mordue*
Norman A. Mordue
Senior U.S. District Judge

---

[3] Plaintiff's request for an award of costs and attorneys' fees is denied.  Under 28 U.S.C. § 1447(c), a district court remanding an action to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacks an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  The Court finds that an award of attorneys' fees is unwarranted in this case, where, absent Arch's failure to provide timely consent to removal, federal jurisdiction would likely have been proper.

9